1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-1800-CRB
    This document relates to           )
21                                     )   **PFIZER INC., PHARMACIA
    FRANCIS ADAMS, et al.,             )   CORPORATION, AND G.D.
22                                     )   SEARLE LLC'S ANSWER TO
                Plaintiffs,            )   COMPLAINT**
23                                     )
            vs.                        )   **JURY DEMAND ENDORSED
24                                     )   HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  and G.D. SEARLE, LLC,              )
                                       )
26              Defendants.            )
                                       )
27  _____)

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4    "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5    respectfully show the Court as follows:

6                                          I.

7                          **PRELIMINARY STATEMENT**

8        The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10   Defendants may seek leave to amend this Answer when discovery reveals the specific time

11   periods in which Plaintiffs were prescribed and used Bextra®.

12                                        II.

13                               **ANSWER**

14   1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

15   deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages,

27   and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

**Response to Allegations Regarding Parties**

2   2.      Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

4   citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5   paragraph of the Complaint.

6   3.      Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

8   citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

9   paragraph of the Complaint.

10  4.      Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  5.      Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

16  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

17  paragraph of the Complaint.

18  6.      Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

20  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  7.      Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

24  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  8.      Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

28  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

1    paragraph of the Complaint.

2    9.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

3    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

4    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

5    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

6    Bextra® in the United States, including California and Mississippi, to be prescribed by

7    healthcare providers who are by law authorized to prescribe drugs in accordance with their

8    approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in

9    interest" are vague and ambiguous.  Defendants are without knowledge or information to form

10   a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the

11   remaining allegations in this paragraph of the Complaint.

12   10.     Defendants admit that Searle is a Delaware limited liability company with its principal

13   place of business in Illinois.  Defendants admit that, as the result of a merger in April 2003,

14   Searle became a subsidiary of Pfizer.  Defendants admit that, during certain periods of time,

15   Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-

16   promoted and distributed Bextra® in the United States to be prescribed by healthcare providers

17   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

18   Defendants deny the remaining allegations in this paragraph of the Complaint.

19   11.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of

20   business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

21   marketed and co-promoted Bextra® in the United States, including California and Mississippi,

22   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

23   accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations

24   regarding "predecessors in interest" are vague and ambiguous.  Defendants are without

25   knowledge or information to form a belief as to the truth of such allegations, and, therefore,

26   deny the same.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

27   **Response to Allegations Regarding Jurisdiction and Venue**

28   12.     Defendants are without knowledge or information to form a belief as to the truth of the

allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same. However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny any wrongful conduct, deny committing a tort in the State of California, and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of California. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

16.     Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which no response is required.  To the extent that a response is deemed required, Defendants

2  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

3  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

4  Panel on Multidistrict Litigation on September 6, 2005.

5  **Response to Factual Allegations**

6  17.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7  and co-promoted Bextra® in the United States, including Mississippi, to be prescribed by

8  healthcare providers who are by law authorized to prescribe drugs in accordance with their

9  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

10  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

11  distributed Bextra® in the United States to be prescribed by healthcare providers who are by

12  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that they provided FDA-approved prescribing information regarding Bextra®.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  18.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

20  remaining allegations in this paragraph of the Complaint.

21  19.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

26  remaining allegations in this paragraph of the Complaint.

27  20.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

25.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining the allegations in this paragraph of the Complaint.

26.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph
2  of the Complaint.

3  29.    Defendants are without knowledge or information sufficient to form a belief as to the
4  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
5  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and
6  effective when used in accordance with its FDA-approved prescribing information.  Defendants
7  state that the potential effects of Bextra® were and are adequately described in its FDA-
8  approved prescribing information, which was at all times adequate and comported with
9  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
10  remaining the allegations in this paragraph of the Complaint.

11  30.    Defendants state that Bextra® was and is safe and effective when used in accordance
12  with its FDA-approved prescribing information.  Defendants state that the potential effects of
13  Bextra® were and are adequately described in its FDA-approved prescribing information,
14  which was at all times adequate and comported with applicable standards of care and law.
15  Defendants admit that they provided FDA-approved prescribing information regarding
16  Bextra®.  Defendants deny the remaining the allegations in this paragraph of the Complaint.

17  31.    Defendants state that Bextra® was and is safe and effective when used in accordance
18  with its FDA-approved prescribing information.  Defendants state that the potential effects of
19  Bextra® were and are adequately described in its FDA-approved prescribing information,
20  which was at all times adequate and comported with applicable standards of care and law.
21  Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph
22  of the Complaint.

23  32.    Defendants are without knowledge or information sufficient to form a belief as to the
24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
25  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and
26  effective when used in accordance with its FDA-approved prescribing information.  Defendants
27  state that the potential effects of Bextra® were and are adequately described in its FDA-
28  approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

2    Bextra® caused Plaintiffs injury or damages, and deny the remaining the allegations in this

3    paragraph of the Complaint.

4    **Response to First Cause of Action: Products Liability**

5    33.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

6    Complaint as if fully set forth herein.

7    34.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States, including California, to be prescribed by

9    healthcare providers who are by law authorized to prescribe drugs in accordance with their

10   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

11   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

12   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

13   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14   admit that they provided FDA-approved prescribing information regarding Bextra®.

15   Defendants deny the remaining the allegations in this paragraph of the Complaint.

16   35.    Defendants admit that Bextra® was expected to reach consumers without substantial

17   change from the time of sale.  Defendants are without knowledge or information sufficient to

18   form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

19   whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra®

20   was and is safe and effective when used in accordance with its FDA-approved prescribing

21   information.  Defendants state that the potential effects of Bextra® were and are adequately

22   described in its FDA-approved prescribing information, which was at all times adequate and

23   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

24   deny that Bextra® is unreasonably dangerous, and deny the remaining allegations this

25   paragraph of the Complaint.

26   36.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

37.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph of the Complaint.

38.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

2  effective when used in accordance with its FDA-approved prescribing information.  Defendants

3  state that the potential effects of Bextra® were and are adequately described in its FDA-

4  approved prescribing information, which was at all times adequate and comported with

5  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

6  Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations this paragraph

7  of the Complaint.

8  41.    Defendants state that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of

13  the Complaint.

14  42.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages,

19  and deny the remaining allegations this paragraph of the Complaint.

20  43.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21  damages, and deny the remaining allegations this paragraph of the Complaint.

22  **Response to Allegations Regarding Damages**

23  44.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24  Complaint as if fully set forth herein.

25  45.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

26  damages, and deny the remaining allegations this paragraph of the Complaint, including all

27  subparts.

28  46.    Answering the first unnumbered paragraph following Paragraph 45 of the Complaint,

1 Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages,

2 and deny the remaining allegations this paragraph of the Complaint.

3 47.    Answering the second unnumbered paragraph following Paragraph 45 of the Complaint,

4 Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages,

5 and deny the remaining allegations this paragraph of the Complaint, including all subparts.

6 **III.**

7 **GENERAL DENIAL**

8     Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

9 Complaint that have not been previously admitted, denied, or explained.

10 **IV.**

11 **AFFIRMATIVE DEFENSES**

12     Defendants reserve the right to rely upon any of the following or additional defenses to

13 claims asserted by Plaintiffs to the extent that such defenses are supported by information

14 developed through discovery or evidence at trial.  Defendants affirmatively show that:

15 **First Defense**

16 1.    The Complaint fails to state a claim upon which relief can be granted.

17 **Second Defense**

18 2.    Bextra® is a prescription medical product.  The federal government has preempted the

19 field of law applicable to the labeling and warning of prescription medical products.

20 Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

21 federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

22 which relief can be granted; such claims, if allowed, would conflict with applicable federal law

23 and violate the Supremacy Clause of the United States Constitution.

24 **Third Defense**

25 3.    At all relevant times, Defendants provided proper warnings, information and

26 instructions for the drug in accordance with generally recognized and prevailing standards in

27 existence at the time.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiffs are not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.      Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

-15-

Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the States of California and Mississippi, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the States of California and Mississippi.  Any law, statute, or other authority

purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-first Defense**

41.    If Plaintiffs sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiffs' claims are preempted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

2   United States.

3   ### Fifty-fourth Defense

4   54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

5   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6   ### Fifty-fifth Defense

7   55.     Defendants state on information and belief that the Complaint and each purported cause

8   of action contained therein is barred by the statutes of limitations contained in California Code

9   of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

10  may apply.

11  ### Fifty-sixth Defense

12  56.     Defendants state on information and belief that any injuries, losses, or damages suffered

13  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

14  conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

15  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

16  ### Fifty-seventh Defense

17  57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

18  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

19  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

20  damages is also barred under California Civil Code § 3294(b).

21  ### Fifty-eighth Defense

22  58.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs'

23  claims are barred because Defendants did not make or breach any express or implied

24  warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or

25  breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

26  ### Fifty-ninth Defense

27  59.     Any verdict or judgment rendered against Defendant must be reduced under the laws of

28  the State of Mississippi by those amounts which have been, or will, with reasonable certainty,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs. Plaintiffs may have settled their claims for alleged injuries and damages with certain parties. Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

## Sixtieth Defense

60.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

## Sixty-first Defense

61.    Defendant asserts that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

## Sixty-second Defense

62.    Bextra® and the Defendants' actions conformed to the state of the art medical and scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

## Sixty-third Defense

63.    Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## Sixty-fourth Defense

64.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

## Sixty-fifth Defense

65.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendant in any possible future litigation.

### Sixty-sixth Defense

66.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to ward, are unconstitutional in that, among other things, they are void for vagueness and undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

### Sixty-seventh Defense

67.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

### Sixty-eighth Defense

68.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

### Sixty-ninth Defense

69.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     than an amount which equals their proportionate share, if any, of the total fault or other

2     liability which proximately caused Plaintiffs' injuries and damages; and

3     6.     That Defendants have such other and further relief as the Court deems appropriate.

4

5     May 30, 2008                                    GORDON & REES LLP

6

7                                                     By: :_____/s/_____
                                                      Stuart M. Gordon
8                                                     sgordon@gordonrees.com
                                                      Embarcadero Center West
9                                                     275 Battery Street, 20th Floor
                                                      San Francisco, CA 94111
10                                                    Telephone:  (415) 986-5900
                                                      Fax:  (415) 986-8054

11

12    May 30, 2008                                    TUCKER ELLIS & WEST LLP
                                                      .
13

14                                                    By: :_____/s/_____
                                                      Michael C. Zellers
15                                                    michael.zellers@tuckerellis.com
                                                      515 South Flower Street, Suite 4200
16                                                    Los Angeles, CA  90071-2223
                                                      Telephone:  (213) 430-3400
17                                                    Fax:  (213) 430-3409

18                                                    Attorneys for Defendants
                                                      PFIZER INC., PHARMACIA
19                                                    CORPORATION, AND G.D. SEARLE
                                                      LLC

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## **JURY DEMAND**

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   May 30, 2008                                  GORDON & REES LLP

6

7                                                 By: :_____/s/_____
8                                                     Stuart M. Gordon
                                                      sgordon@gordonrees.com
9                                                     Embarcadero Center West
                                                      275 Battery Street, 20th Floor
10                                                    San Francisco, CA  94111
                                                      Telephone:  (415) 986-5900
11                                                    Fax:  (415) 986-8054

12  May 30, 2008                                  TUCKER ELLIS & WEST LLP

13

14                                                By: :_____/s/_____
                                                      Michael C. Zellers
15                                                    michael.zellers@tuckerellis.com
                                                      515 South Flower Street, Suite 4200
16                                                    Los Angeles, CA 90071-2223
                                                      Telephone:  (213) 430-3400
17                                                    Fax:  (213) 430-3409

18                                                    Attorneys for Defendants
                                                      PFIZER INC., PHARMACIA
19                                                    CORPORATION, AND G.D. SEARLE
                                                      LLC
20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-1800-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**